**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Diane Boware,

        Plaintiff,

   v.

Levi Strauss Distribution Center; et al.,

        Defendants.

Case No. 2:23-cv-00579-GMN-VCF

**Order**

     Before the Court is Defendant Levi Strauss & Co.'s motion to seal (ECF No. 24). Because the Court[1] finds that Defendant has demonstrated compelling reasons, the Court grants Defendant's motion to seal.

**I.    Legal Standard.**

     There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The standard applicable to a motion to seal turns on whether the underlying materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] The undersigned magistrate judge conducted the early neutral evaluation in this case, at which early neutral evaluation the parties reached their settlement. (ECF No. 12). Because the instant motion to seal seeks to seal portions of the parties' settlement agreement in relation to Defendants' motion to enforce settlement—which motion the undersigned will address—the undersigned also addresses the motion to seal.

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The burden to show compelling reasons is not met by conclusory assertions; rather, the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178.  For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182.  Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.*  In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy.  *E.g., Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

"[T]he mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information." *Helix*

*Environmental Planning Inc. v. Helix Environmental and Strategic Solutions*, No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021); *see also FTC v. AMG Servs.*, No. 2:12-cv-00536-GMN-VCF, 2020 U.S. Dist. Lexis 232231, at *5 (D. Nev. Dec. 10, 2020) ("the confidentiality of the settlement agreement alone does not provide a compelling reason to seal"). That is particularly true in the context of a motion to enforce settlement, as the local rules put the parties on notice that the Court may order the disclosure of otherwise confidential information as part of the resolution of that motion. *See* Local Rule 16-5. The logic behind this approach is clear: although parties to a confidential settlement agreement may prefer to keep its terms secret, "once they turn to the federal court to resolve their disputes ... the public administration of justice demands transparency." *Avocados Plus Inc. v. Freska Produce Int'l LLC*, No. 2:19-cv-06451-RGK-JC, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. SA CV 16-00300-CJC(RAOx), 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017)). At the same time, courts recognize the general benefits of keeping settlement discussions and settlements confidential when feasible. *See, e.g., U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-cv-01428 LJO JLT, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010) ("Confidentiality of the mediation process encourages settlement" (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)). Moreover, courts are loath to reward gamesmanship whereby a litigant seeking to challenge a confidentiality provision can defeat such confidentiality simply by requiring the filing of a motion to enforce. *Cf. Wells Fargo Bank, N.A. v. Saticoy Bay LLC Series 3948 Applecrest*, No. 2:17-cv-01360-APG-VCF 2020 WL 2311560, at *2 (D. Nev. Apr. 23, 2020) (noting that "[i]f Saticoy had not acted in bad faith and signed the settlement agreement, then the settlement amounts and negotiations would have remained confidential"). In addition, courts must balance the parties' need for secrecy against the public's interests in transparency, including its interest in "understanding the judicial process." *Pintos*, 605 F.3d at 679 & n.6. Given all of these considerations, some courts have taken a middle approach in the context of a motion to enforce a settlement whereby the terms of settlement pertinent to analyzing the motion to enforce will not be kept secret, but the terms that are irrelevant to the motion to enforce will be kept secret. *See United States ex rel. Lesnik v.*

1 *Eisenmann SE*, No. 16-cv-01120-LHK, 2021 WL 2092944, at *3 (N.D. Cal. May 11, 2021); *see*

2 *also Pizza v. Fin. Indus. Regul. Auth., Inc.*, No. 13-cv-0688 MMC (NC), 2015 WL 1383142, at *2

3 (N.D. Cal. Mar. 19, 2015).

4 **II.   <u>Discussion.</u>**

5        The Court grants Defendant's motion to seal.  Defendant seeks to seal Exhibits 1, 2-A-1,

6 2-A-2, 2-A-4, 2-A-5, and 2-A-6 to its motion to enforce the parties' settlement agreement.

7 Exhibit 1 is the hearing transcript where the parties put their settlement on the record after their

8 settlement conference.  Exhibit 2-A-1 is the draft settlement agreement, attached to an email to

9 Plaintiff.  Exhibit 2-A-4 is a letter to Plaintiff asking her to sign the settlement documents and

10 including the settlement amount.  Exhibit 2-A-5 is Plaintiff's letter to Defendant, rescinding her

11 agreement to the original settlement amount and proposing a new settlement amount.  Exhibit 2-

12 A-6 is an email to Plaintiff discussing the letter, including Plaintiff's rescission of the original

13 settlement amount.

14        Defendant invokes the compelling reasons standard, and the Court agrees that this

15 standard applies.[2]  And using the middle approach—under which the terms of the settlement

16 pertinent to analyzing the motion to enforce will not be kept secret, but the terms that are

17 irrelevant to the motion to enforce will—the Court will grant Defendant's motion to seal.  As a

18 preliminary matter, it is somewhat unclear what provisions of the settlement agreement are at

19 issue in the instant dispute.  Plaintiff has not filed a response to Defendant's motion to enforce

20 and her letter reneging on the settlement agreement appears to indicate that Plaintiff's main

21 concern is the amount of settlement.  Thus, it would appear that the most relevant term of the

22 parties' settlement agreement to the instant dispute is the amount of the settlement.  However, the

23 Court is also cognizant that the amount of the settlement is often the most closely-held term of a

24 settlement agreement because of the benefit it can give other potential litigants against the party

25 paying the settlement amount.  Additionally, the Court is loath to reward potential gamesmanship

26 _____

27 [2] *See Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1040 n.6 (D. Nev. 2021)
(compiling cases and acknowledging that "[a]lthough case law within the Ninth Circuit is not

28 uniform, there is ample authority as to the dispositive nature of a motion to enforce settlement.").

1  whereby Plaintiff reveals the settlement amount by challenging it and forcing Defendant to file a

2  motion to enforce.  Defendant has also sought only to seek those documents which would reveal

3  the settlement terms.

4       Given the balance the Court must strike between keeping the settlement discussions

5  confidential and revealing the dispute between the parties, the Court grants Defendant's motion to

6  seal.  While it appears that Plaintiff's main dispute with the settlement agreement is the amount, it

7  is unclear whether Plaintiff is disputing other portions.  And, without this information, the Court

8  is not inclined to reveal the terms of the agreement on an assumption that the terms are in dispute.

9  Additionally, Defendant's motion outlines the nature of the parties' dispute such that the precise

10  terms of the agreement are not necessary for the public to understand the parties' disagreement

11  over the settlement.

12       However, currently, Defendant's motion is sealed in its entirety.  (ECF No. 23).  The

13  Court will keep this motion under seal.  And the Court will require Defendant to file a public

14  version of its motion and the exhibits it does not seek to seal on the public docket.

15

16       **IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No 24) is

17  **granted.**  Defendant must file a version of its motion to enforce settlement along with the exhibits

18  it does not seek to seal on the public docket on or before **December 18, 2023.**

19

20       DATED: November 16, 2023

21

22                                   _____

23                                   DANIEL J. ALBREGTS

                                 UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28