UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Diane Boware, | Case No. 2:23-cv-00579-GMN-VCF |
| Plaintiff, | **Report and Recommendation** |
| v. | |
| Levi Strauss Distribution Center; LaDona Orcutt; Eloisa Corsame; and Wilshayne Umipig, | |
| Defendants. | |

Before the Court is Defendant Levi Strauss & Co.'s[1] motion to enforce settlement. (ECF Nos. 23) (sealed version) (ECF No. 29).[2] Plaintiff did not file a response to Defendant's motion. The Court then set the motion for a hearing. (ECF No. 27). However, Plaintiff did not appear at the hearing.

**I.    Background.**

Plaintiff originally filed this action *pro se* in the Eighth Judicial District Court. (ECF No. 1). Defendant Levi Strauss then removed the action to federal court on April 17, 2023. (*Id.*). No other Defendants have appeared in this action.

On April 18, 2023 this case was assigned to the Early Neutral Evaluation Program and the undersigned magistrate judge was assigned to the case as the settlement judge. (ECF No. 2). The undersigned then set the Early New Evaluation on July 10, 2023. (ECF No. 7). At the conclusion

---

[1] Erroneously named as "Levi Strauss Distribution Center."

[2] Defendant's motions are identical. One is simply filed under seal, while the other is filed on the public docket.

of the Early Neutral Evaluation, the parties placed the settlement agreement, including all material terms, on the record. (ECF No. 12) (ECF No. 15) (sealed).

After the settlement, Plaintiff ignored Defendant's counsel's emails sending the settlement agreement. (ECF No. 29 at 3-4). Then, after Defendant sent a letter via mail and email, Plaintiff responded on August 17, 2023 and "rejected" the settlement agreement, providing a counter demand offer. (ECF No. 29 at 3-4). Defendant attaches Plaintiff's rejection, from which it appears that Plaintiff's only disagreement with the settlement is the amount. (ECF No. 23-3 at 40) (sealed).

Defendant contacted Plaintiff on September 6, 2023 and September 8, 2023 to discuss filing the joint status report required by the Court's July 10, 2023 minute order, but Plaintiff did not respond. (ECF No. 29 at 3-4). Plaintiff then filed a notice of appeal on October 10, 2023 from the Early Neutral Evaluation with the District Court. (ECF No. 19). However, the Ninth Circuit dismissed the appeal, finding that the July 10, 2023 order was not an final, appealable order. (ECF No. 25). On October 19, 2023 Defendant filed its motion to enforce the settlement. (ECF No. 23) (sealed version); (ECF No. 29) (public version).

In its motion, Defendant points out that, at the Early Neutral Evaluation, both sides engaged in good faith negotiations, listened to the Court, set forth the material terms on the record, and then verbally accepted those terms.[3] (ECF No. 29 at 5). Defendant adds that the settlement agreement it later sent to Plaintiff contained those material terms. (*Id.* at 3, 5-6). Defendant thus asks the Court to enter an order enforcing the July 10, 2023 settlement agreement and compel Plaintiff to execute the written agreement memorializing those terms. (*Id.* at 7).

## II. Legal standard.

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g.*, *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are

---

[3] The material terms of the settlement agreement were recited and agreed to by Plaintiff on the record and are contained in a sealed transcript. (ECF No. 15).

governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013).  Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract.  *May v. Anderson*, 121 Nev. 668, 672 (2005).  A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final.  *Id*.  "A meeting of the minds exists when the parties have agreed upon the contract's essential terms."  *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012).  Despite the fact that a formal settlement agreement has not yet been signed, the Nevada Supreme Court has held that a settlement contract can be formed when the parties have agreed to its material terms, even though the contract's exact language is finalized at a later time.  *See May*, 121 Nev. 668; *see also Singh v. Reed*, 551 Fed. Appx. 927 (9th Cir. 2014).  Moreover, "where the parties represent in open court that a settlement was reached and place the terms of the settlement on the record, courts are empowered to summarily require the parties to comply with those terms."  *Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1043, at * (D. Nev. 2021).

### III.    Analysis.

First, the Court notes that it can recommend that the motion to enforce settlement be granted as unopposed under Local Rule 7-2(d).  Plaintiff had an opportunity to respond to the motion, but did not.  And the Court provided Plaintiff an opportunity to be heard by setting the motion for a hearing.  But Plaintiff failed to show.  Nonetheless, the Court provides its rationale for recommending the granting of the motion.

After reaching a settlement during the Early Neutral Evaluation, the parties placed the essential terms of that settlement on the record.  (ECF No. 15) (sealed).  The Court also notes that, during the Early Neutral Evaluation, Plaintiff requested that her daughter sit with her, which accommodation the Court allowed so that Plaintiff would feel more comfortable.  After engaging in the Early Neutral Evaluation with her daughter, Plaintiff expressly agreed to the essential terms of the settlement with Defendant.  Plaintiff has not argued that she was uncomfortable or felt pressured at the Early Neutral Evaluation.  To the contrary, the Court took additional steps to ensure Plaintiff's comfort.  There is no dispute as to the substance of the agreed-upon terms.

Plaintiff simply appears to have had a change of heart.  However, "an agreement announced on the record becomes binding even if a party has a change of heart after she agreed to its terms but before the terms are reduced to writing." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 202) (internal citations and quotations omitted).  Accordingly, the undersigned will recommend that Defendant's motion to enforce settlement be granted.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant's motions to enforce settlement (ECF Nos. 23 and 29) be **granted.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 6, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE