UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Diane Boware,<br><br>            Plaintiff(s),<br><br>vs.<br><br>Levi Strauss Distribution Center, *et al.*,<br><br>            Defendant(s). | 2:23-cv-00579-GMN-MDC<br><br>**Order**<br>**Motion for Status Conference (ECF No. 37**<br>**Motion to Seal Documents (ECF No. 38)**<br>**Setting Status Hearing** |

Pending before the Court are defendant Levi Strauss & Co.'s ("defendant") *Motion for Status Conference* (ECF No. 37) and *Motion to Seal Documents* (ECF No. 38). The Court GRANTS defendant's *Motion for Status Conference* (ECF No. 37) and *Motion to Seal Documents* (ECF No. 38).

## DISCUSSION

### I.     Motion for Status Conference

Defendant's *Motion for Status Conference* (ECF No. 37) states that defendant has complied with the terms of parties' settlement agreement and the Court's *Order Adopting the Report & Recommendation and Granting Defendant Levi Strauss's Motion to Enforce Settlement* ("Order Enforcing Settlement") (ECF No. 34), but that plaintiff refuses to comply with either and has ceased communications with defendant. For good cause shown, and because the Motion is unopposed, the Court grants defendant's *Motion for Status Conference* (ECF No. 37).

### II.    Motion to Seal Documents

Defendant requests that it be permitted to "file the communication with plaintiff, Exhibit A-1, attached to Defendant's Motion to Enforce Settlement Agreement, under seal." ECF No. 38 at 2: 26-28. Exhibit A-1 consists of the transmittal letter to plaintiff, the Settlement Agreement, the December 28, 2023, Order enforcing settlement, and the proposed Order to Dismiss under seal. ECF No. 38 at 2. The Court grants defendant's *Motion to Seal* (ECF No. 38).

//

### a. Legal Standard

Unless a particular court record is traditionally kept secret, there is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 897 & n.7, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption by meeting the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). The Court must then balance the competing interests of the public and the party seeking to seal the records. *Id.*

The Ninth Circuit has carved out an exception to the presumption of access, specifically, the Ninth Circuit has held that the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "unrelated, or tangentially related, to the underlying cause of action." *Id.* at 1179 (internal quotation and citations omitted). The Ninth Circuit has held that when a court grants a protective order for information produced during discovery, it has already determined that good cause exists to protect the information from being disclosed to the public by balancing needs for discovery against need for confidentiality. *Foltz,* 331 F.3d at 1135. In short, good cause suffices to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions. *Id.*

### b. Analysis

The information, communications, at issue includes "detailed information about the terms of the settlement, the terms and scope of the formal Settlement Agreement and the need for certain documents to be filed to dismiss the case and related matters." ECF No. 38 at 3:16-19. The Court has reviewed the

*Motion to Seal* (ECF No. 38) and the Exhibit (Exhibit A-1, ECF No. 39) and finds that they contain confidential information, which is traditionally kept secret for policy reasons, which warrants keeping them sealed. Furthermore, the Court finds that good cause and compelling reasons exist to seal the information that overcome the presumption of public access and that the documents cannot be easily redacted while leaving meaningful information available to the public. *See United States v. Contra Costa Cty. Water Dist.,* 678 F.2d 90,92 (9th Cir. 1982) (stating that a principle underlying Rule 408 is the "promotion of the public policy favoring the compromise and settlement of disputes. By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement."); *see also Foltz,* 331 F.3d at 1135 (holding that when a court grants a protective order for information produced during discovery, it has already determined that good cause exists to protect the information from being disclosed to the public by balancing needs for discovery against need for confidentiality).

### III.   Order to Show Cause

The Court orders plaintiff to file a brief showing cause why the action should not be dismissed with prejudice with no further action required from defendant to demonstrate that defendant complied with the parties' settlement agreement and the Court's Order Enforcing Settlement.  Plaintiff must file her brief showing cause by May 20, 2024.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Status Conference* (ECF No. 37) is GRANTED.
2. The *Motion to Seal Documents* (ECF No. 38) is GRANTED.
3. The parties shall appear for an in-person status hearing on **June 3, 2024, at 2:00pm** in **Courtroom 3C.**

4. Plaintiff MUST file a brief by **May 20, 2024**, showing cause as to why the action should not be dismissed with prejudice with no further action from the defendant to demonstrate that the defendant complied with parties' settlement agreement and the Court's Order Enforcing Settlement.

DATED this 2nd day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge