UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Diane Boware,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Levi Strauss Distribution Center, *et al.*,<br><br>　　　　　　Defendant(s). | 2:23-cv-00579-GMN-MDC<br><br>**REPORT AND RECOMMENDATION TO DISMISS THE ACTION WITH PREJUDICE** |

On May 2, 2024, the Court issued an order to show cause (ECF No. 40) ("Order to Show Cause") why the action should not be dismissed with prejudice.  Per the Court's Order to Show Cause, plaintiff was required to file a written response to the Court's Order to Show Cause by May 20, 2024, and a hearing was set for June 3, 2024.  Plaintiff did not show cause. Plaintiff did not file a response to the Court's Order to Show Cause and did not appear at the June 3, 2024, hearing. Therefore, I recommend dismissal of the action with prejudice.

## I.
## DISCUSSION

The parties participated in an Early Neutral Evaluation on July 10, 2023, and reached a settlement, placing the terms on the record (ECF No. 15) (sealed). After the settlement, plaintiff ignored defendant's communications and has refused to execute a formal settlement agreement or a stipulation to dismiss the action. On December 29, 2023, the District Judge entered an order (ECF No. 34) enforcing the parties' settlement and adopting the Magistrate Judge's Report and Recommendation granting defendant's motion to enforce settlement. The District Judge's order (ECF No. 34) further required plaintiff to file dismissal documents by January 22, 2024.

Per the District Judge's order (ECF No. 34) and the parties' settlement, defendant sent plaintiff two (2) separate settlement checks for the total settlement amount. Defendant also sent plaintiff a stipulation to dismiss the action. Plaintiff, however, negotiated only one of the checks and refused to execute the stipulation to dismiss the action. On April 17, 2024, defendant filed a motion requesting a status hearing and an order to show cause why the action should not be dismissed with prejudice (ECF No. 37).  I granted that motion and entered the Order to Show Cause.  As stated above, plaintiff failed to show cause, and has failed to comply with the District Judge's order (ECF No. 34) enforcing the settlement.

During the June 3, 2024, hearing defendant demonstrated to my satisfaction that defendant complied with the parties' settlement and advised that plaintiff had negotiated the second and final settlement payment.  In other words, plaintiff has been paid in full.

## II.
## ANALYSIS

Courts enjoy the inherent authority to manage the cases on their docket. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  A district court may dismiss the case on its own or on motion by the parties, and it need not give notice before the dismissal. *Link v. Wabash R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).  A district court's inherent power to control its docket includes dismissal of the action when appropriate. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  Thus, a court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik*, 963 F.2d at 1260-61 (affirming dismissal for failure to comply with an order requiring amendment of complaint*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

Dismissal with prejudice is appropriate. Plaintiff has not prosecuted the action. Plaintiff did not comply with the District Court's order (ECF No. 34) and did not dismiss the action. Plaintiff did not show cause in response to ECF No. 40. Plaintiff has refused to cooperate with defendant with respect to the settlement and the dismissal of the action.

ACCORDINGLY,

**IT IS RECOMMENDED** that the above-captioned action be dismissed with prejudice.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED: June 3, 2024

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge